UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRUCE STEWART, ET AL** | **CIVIL ACTION NO. 14-0083** |
| **VERSUS** | **JUDGE JAMES** |
| **RUSTON LOUISIANA HOSPITAL COMPANY, LLC D/B/A NORTHERN LOUISIANA MEDICAL CENTER A/K/A LINCOLN GENERAL HOSPITAL, ET AL** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Appeal [Doc. No. 46] of Magistrate Judge Karen L. Hayes' March 3, 2014 Order ("Order") [Doc. No. 42] denying Plaintiffs Bruce and Sarah Stewart individually, on behalf of their minor child, Destanee Stewart, and as representatives of a prospective class of other similarly situated individuals' Motion to Remand [Doc. No. 10]. Defendants Ruston Louisiana Hospital Company (dba Northern Louisiana Medical Center) ("NLMC"), Community Health Systems Inc. ("CHSI"), Professional Account Services Inc. ("PASI"), Women & Children's Hospital of Delaware L.L.C. (dba Women & Children's Hospital of Lake Charles) ("W&C"), National Healthcare of Leesville Inc. (dba Byrd Regional Hospital) ("Byrd"), and Community Health Systems Professional Services Corporation ("PSC") oppose the Appeal. [Docs. No. 48, 49, 50]. For the following reasons, the Court DEFERS its decision on Plaintiffs' Appeal, and ORDERS that the parties engage in limited jurisdictional discovery.

On January 16, 2014, Defendants removed to federal court on the basis of federal question jurisdiction pursuant to the Class Action Fairness Act of 2005's ("CAFA"). [Doc. No.

1]. On February 8, 2014, Plaintiffs filed a Motion to Remand objecting to the removal. Plaintiffs argued that there was common sense presumption that greater than two-thirds of the prospective class are citizens of Louisiana, thus requiring remand under the local controversy exception to the CAFA. 28 U.S.C. § 1332(d)(4).

On March 3, 2014, Magistrate Judge Hayes denied the motion. After considering the broad prospective class and the minimal evidence proffered by Plaintiffs, Magistrate Judge Hayes held that Plaintiffs failed to prove by a preponderance of the evidence that greater than two-thirds of the prospective class members were citizens of Louisiana at the time the Petition was filed; therefore, the local controversy exception does not apply, and remand is improper. *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 290 (5th Cir. 2011) (holding that the absence "of any one of the above elements would render remand improper").[1]

On April 8, 2014, Plaintiffs timely appealed to this Court. [Doc. No. 42]. Plaintiffs appeal Magistrate Judge Hayes' refusal to utilize the common sense presumption and finding that Plaintiffs failed to prove by a preponderance of the evidence that the CAFA's local controversy exception greater than two-thirds citizenship requirement is satisfied. Additionally, Plaintiffs argue that denying remand without affording Plaintiffs the opportunity to engage in limited jurisdictional discovery would be unfair and unreasonable, and Plaintiffs seek an opportunity to conduct limited jurisdictional discovery.

Before addressing the merits of Plaintiffs' Appeal, the Court must determine whether

---

[1] After finding that the greater than two-thirds element was not satisfied, Magistrate Judge Hayes declined to analyze the remaining local controversy elements. Additionally, after finding removal proper under § 1332 of the CAFA, Magistrate Judge Hayes declined to examine Defendants' alternative argument that 28 U.S.C. § 1453 provides an independent basis of removal jurisdiction. [Doc. No. 42, p. 13 n. 8].

limited jurisdictional discovery is required to determine whether it has jurisdiction, particularly in regard to determining whether the local controversy exception's greater than two-thirds citizenship requirement is satisfied.

Plaintiffs argue that requiring the higher evidentiary burden without allowing Plaintiffs jurisdictional discovery would "strip Plaintiffs of their opportunity to prove the local controversy exception to this Court's CAFA jurisdiction." [Doc. No. 46-1, pp. 10]. Plaintiffs note that the courts in two of the cases cited by Magistrate Judge Hayes allowed jurisdictional discovery regarding the CAFA citizenship requirement. Plaintiffs aver that the information regarding the citizenship of class members is in Defendants' possession[2]; Plaintiffs have not had an opportunity to engage in discovery to ascertain class members' "identities, addresses, citizenship, etc."; and the only way to get sufficient evidence to determine jurisdiction is through such discovery. [Doc. No. 46-1, p. 9]. Conversely, Defendants argue that additional jurisdictional discovery is unnecessary because Plaintiffs could not satisfy other elements of the local controversy exception; § 1453 provides an independent basis for removal of class actions; and Magistrate Judge Hayes did not allow for such discovery and "overturning [her] discovery order bears a heavy burden." [Doc. No. 48, p. 6].

It is undisputed that Defendants are in possession of the information Plaintiffs require to establish that greater than two-thirds of the prospective plaintiffs are citizens of Louisiana. In *Preston I*, the district court allowed limited jurisdictional discovery in order to determine whether it had jurisdiction under the CAFA. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485

---

[2] Plaintiffs aver that Defendants possess evidence including prospective class members' "names, addresses, driver's licenses, state-issued IDs, etc. which upon investigation could lead to property records, vehicle registration information, and the like." [Doc. No. 46-1, p. 10].

F.3d 793, 797-98 (5th Cir. 2007). Despite Defendants' averment, Plaintiffs do not face a "heavy burden" because Magistrate Judge Hayes did not issue a discovery order, and this is the first instance of Plaintiffs requesting such discovery.[3] The Court declines to address Defendants' alternative arguments at this time. Accordingly, the Court finds that limited jurisdictional discovery is required in order to determine whether the Court has jurisdiction, particularly in regard to the local controversy exception's citizenship requirement. For all these reasons,

IT IS ORDERED that the Court DEFERS its decision on Plaintiffs' Appeal [Doc. No. 46], and that the parties have sixty days to conduct limited discovery on whether the Court has jurisdiction, particularly in regard to the local controversy exception's greater than two-thirds citizenship requirement. Also within the same period, the parties are granted leave of court to supplement their respective positions with memoranda and evidence, limited to the remaining issue(s) specified.

MONROE, LOUISIANA, this 9th day of June, 2014.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] In Plaintiffs' "Reply Memorandum in Support of Motion to Remand" [Doc. No. 33], Plaintiffs request "the opportunity to discover those addresses and to conduct a survey similar to the one conducted in *Payton*." [Doc. No. 33, p. 7 n.17]. This request was only obliquely raised in the footnote of a reply. It was not properly briefed, and Magistrate Judge Hayes did not address it in the Order. Therefore, Plaintiffs' present request for additional limited discovery is not "seeking to overturn the magistrate judge's discovery order," as Defendants argue. [Doc. No. 48, p. 6].