UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRUCE STEWART, ET AL** | **CIVIL ACTION NO. 3:14-0083** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **RUSTON LOUISIANA HOSPITAL COMPANY, LLC D/B/A NORTHERN LOUISIANA MEDICAL CENTER A/K/A LINCOLN GENERAL HOSPITAL, ET AL** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Plaintiffs' Appeal [Doc. No. 46] of the Magistrate Judge's March 3, 2014 Order [Doc. No. 42] denying Plaintiffs' Motion to Remand. Plaintiffs argue for remand, contending, *inter alia,* that they have shown that two-thirds of the putative members of this class action were citizens of Louisiana on March 19, 2012 and, therefore, that the Class Action Fairness Act's ("CAFA")(28 U.S.C. § 1332(d)) local controversy exception divests this Court of jurisdiction. For the reasons stated in the Magistrate Judge's Order, together with the reasons stated in this Ruling, and, after a review of the entire record, including the exhibits and supplemental memoranda, the Plaintiffs' Appeal is **DENIED**, and the Magistrate Judge's Order is **AFFIRMED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs initially filed suit in the Third Judicial District Court, Lincoln Parish, alleging that Ruston Louisiana Hospital Company d/b/a Northern Louisiana Medical Center ("NLMC") had violated various state laws by engaging in "balanced billing." [Doc. No. 1]. Plaintiffs claim

that NLMC "hired third party collection agencies . . . to refuse acceptance of the patients' health insurance and/or payment by the Plaintiffs' health insurer as full payment, and to collect directly or indirectly from the enrollees or insureds, by filing liens/privileges, which constitute actions at law, against Plaintiffs and members of the Class." *Id.* at p. 8.

On December 18, 2013, Plaintiffs amended their original Petition to include claims against Community Health Systems, Inc. ("CHSI"), Professional Account Services Inc. ("PASI"), Women & Children's Hospital of Delaware L.L.C. ("W&C"), National Healthcare of Leesville Inc. ("Byrd"), and Community Health Systems Professional Services Corporation ("PSC"). On January 16, 2014, Defendants removed the case to this Court pursuant to CAFA. [Doc. No. 1]. On February 8, 2014, Plaintiffs filed a Motion to Remand, and the Magistrate Judge denied the Motion. Plaintiffs appealed, moving the Court to order limited discovery for purposes of determining whether federal jurisdiction was improper (specifically, whether two-thirds of the putative class were Louisiana citizens on the date the action was filed).

This Court ordered the parties to engage in limited discovery, and the Plaintiffs thereafter submitted exhibits obtained pursuant to the Court's order. [Doc. No. 65]. The exhibits demonstrated that ninety-six percent (96%) of the patients treated by Defendants resided in Louisiana at the time of treatment. The parties filed supplemental memoranda in support of [Doc. No. 66] and in opposition to remand [Doc. Nos. 71, 73, and 75]. As proof of the class members' Louisiana citizenship, Plaintiffs offered election statistics from Calcasieu, Vernon, and Lincoln Parishes (the parishes where the Defendant hospitals are located). The statistics showed only that there have been marginal changes in the total number of registered voters in these parishes over the past ten years. The records did not provide the names or addresses of the

potential class members.

Defendants' supplemental filings also disclosed that, On April 19, 2011, a class action lawsuit asserting similar claims against a defendant in this case was filed in Calcasieu Parish, naming W&C as a defendant. *See Barbi Kleinschmidt, et al. v. Women & Children's Hospital of Del., LLC*, No.011-001802 F, 14th JDC, Parish of Calcasieu, State of Louisiana.

**II.     STANDARD OF REVIEW**

The Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand. However, most district courts in this circuit have generally found that a motion to remand is a non-dispositive pretrial matter and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96-1192, 1996 WL 888182, at *2-4 (W.D. La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Prod., Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99-0367, 1999 WL 496488, at *1 (E.D. La. July 13, 1999). This Court similarly adheres to the view that motions to remand are non-dispositive pretrial matters and applies the clearly erroneous standard of review.[1]

**III.    LAW AND ANALYSIS**

    **A.     Statutory Background**

Congress enacted CAFA to encourage federal jurisdiction over interstate class action

---

[1] The Court is aware that other courts have treated a motion to remand as a dispositive motion. The Court would point out, however, that it has undertaken a thorough examination of the entire record and would reach the same conclusion, whether under a *de novo* or clearly erroneous standard.

lawsuits of national interest. CAFA contains a basic jurisdictional test, which requires a removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d). The district court can decline jurisdiction under three provisions: (1) the home state exception, § 1332(d)(4)(B); (2) the local controversy exception, § 1332(d)(4)(A); and (3) discretionary jurisdiction, § 1332(d)(3).

Two of the exceptions clearly do not apply. The home state exception does not apply because it requires that the "primary defendants" be local. The Defendants PASI and PSC qualify as primary defendants, but are foreign defendants with principal places of business in Franklin, Tennessee. Likewise, the Court cannot invoke § 1332(d)(3)'s discretionary exception because that provision requires that all of "the primary defendants [be] citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). PASI and PSC are foreign corporations, and, thus, the Court retains jurisdiction of this lawsuit unless the local controversy exception applies.

The local controversy exception states that the district court "shall decline to exercise jurisdiction" when the action meets all of the following criteria:

> (I) greater than ***two-thirds*** of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> >
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> >
> > (cc) who is a citizen of the State in which the action

4

was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the *3–year period preceding the filing of that class action*, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(emphasis added).

The parties dispute whether two-thirds of the potential plaintiffs were citizens of Louisiana when the action was originally filed. Plaintiffs present evidence that 96% of the potential plaintiffs *resided* in Louisiana when they underwent medical treatment. However, Defendants highlight the fact that residence does not equate to domicile and that the evidence shows only that the potential plaintiffs resided in Louisiana ten years ago. Further, Defendants point out that a similar class action was filed against a defendant in this case within the statutorily proscribed period.

B. **Section 1332(d)(4)(A)(i)(I)'s Two-Thirds Requirement has not been Satisfied.**

At first glance, this case appears to be the type of local controversy contemplated by CAFA's exceptions to federal jurisdiction. Application of the statute and adherence to Circuit precedent, however, indicate that the local controversy exception has not been satisfied and that this Court must retain jurisdiction.

In order to invoke the local controversy exception, Plaintiffs bear the burden of showing, by a preponderance of the evidence, that at least two-thirds of the class members were citizens of Louisiana at the time this lawsuit was filed. *See* 28 U.S.C.A. § 1332(d)(4)(A)(i)(I); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 814 (5th Cir. 2007) ("*Preston I*").

Thus, Plaintiffs must show that two-thirds of the plaintiffs were Louisiana citizens on March 19, 2012.

Citizenship, in terms of diversity jurisdiction, is synonymous with domicile. *Coury v. Prot,* 85 F. 3d 244, 250 (5th Cir. 1996). Domicile, in turn, equates to residency plus "the intention to remain." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985). A "party's residence in a state alone does not establish domicile." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 798 (5th Cir. 2007)(*"Preston II"*)(quoting *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974)). Thus, in most cases, "the difficult issue is not presence," but whether the intent to remain can be shown. *Coury,* 85 F.3d at 249. To determine a party's domiciliary intent in traditional diversity cases, courts have considered "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury,* 85 F.3d at 251. If the above standard were strictly applied, district courts confronted with class action lawsuits implicating diversity jurisdiction would face the "arduous task of examining the domicile of every proposed class member." *Preston I,* 485 F.3d at 816. Because such an approach is impractical, the Fifth Circuit has, at times, determined domicile based on "practicality and reasonableness." *Id.*

For example, in *Preston I*, the court engaged a common sense analysis, determined that at least one-third of a putative class were citizens of Louisiana under CAFA's discretionary exception, and remanded the case to state court. The plaintiffs presented medical records showing that 97.17% of the putative class members were Louisiana residents at the time of their

alleged injuries and eight affidavits from class members stating that they intended to retain their New Orleans domicile. *Id*. at 815. The court stated that district courts were licensed to make "reasonable assumptions" regarding domicile and class size, and determined that it was indeed reasonable that at least one-third of the class retained their Louisiana domicile. *Id.* at 817. Accordingly, the Fifth Circuit held that the district court had not abused its discretion in denying jurisdiction.

Critically, after making its common sense domicile determination, the *Preston I* court applied a presumption of continuing domicile, which demands that once domicile has been established, the party seeking to show a change in domicile "must come forward with enough evidence to that effect." *Id.* (Quoting *Coury,* 85 F. 3d at 25). The court held that the defendants had not rebutted the presumption of continuing domicile and upheld the district court's decision to remand.

In contrast, in *Preston II*, despite its similarities to *Preston I*, the court did not conduct a common sense analysis and did not apply a presumption of continuing domicile. Like this case, the *Preston II* court confronted CAFA's local controversy exception. The *Preston II* plaintiffs, unlike the *Preston I* plaintiffs, failed to present any meaningful evidence of the potential class members' domiciliary intentions. Rather, the *Preston II* plaintiffs offered medical records showing evidence of the class members' residences. *Id.* at 798. The court acknowledged that "marshaling evidence of citizenship for the unnamed class members may be a formidable task," but held that "[w]ithout anything more than the patients' primary billing addresses, the district court lacked the grounds for making a credible estimate that at least two-thirds of the patients and other proposed class members were citizens of Louisiana." *Id.* at 801. Because "residency is not

a proxy for domicile," and because there were not other credible grounds for determining domicile, the court refused to apply a presumption of continuing domicile and rejected remand. *Id.*

This case closely resembles *Preston II* and is distinguishable from *Preston I*. The *Preston I* court's reasons for invoking a common sense domicile determination and applying the presumption of continuing domicile are not present here. First, like the plaintiffs in *Preston II*, Plaintiffs in this action have provided only medical records indicating Louisiana residency and have completely failed to supply evidence of the class members' domiciliary intentions. The *Preston I* court, in contrast, had affidavits from putative class members stating that they intended to remain in Louisiana, in addition to residency records.

Second, this case, like *Preston II*, requires the two-thirds citizenship showing under CAFA's local controversy exception, not the one-third showing required by CAFA's discretionary exception at issue in *Preston I*. An appeal to a common sense determination of domicile would be much more compelling if the Court was tasked with determining the citizenship of one-third rather than two-thirds of the class.[2]

Third, a substantial amount of time has lapsed between the plaintiffs' alleged injuries and the initiation of this lawsuit. In *Preston I*, the plaintiffs filed suit two months after their alleged injuries occurred, while the *Preston II* plaintiffs waited over a year to file. At least one district court in this Circuit has found the lapse of time between the filing of *Preston I* and *Preston II* to be a distinguishing factor. *See Payton v. Energy Corp.,* CIV. A. 12-2452, 2013 WL 5722712, at

---

[2] Plaintiffs ask the Court to apply the discretionary exception's one-third showing, but by amending their complaint to include foreign defendants, negated that possibility.

*9 (E.D. La. Oct 21, 2013)("because *Preston II* was filed one year after Katrina (as opposed to two months in *Preston I* ) the [*Preston II* court] was unable to apply a presumption that the class members, who may have been domiciled in Louisiana at the time of Katrina, had maintained their Louisiana domicile after the storm.") Here, Plaintiffs ask the Court to presume that persons who *resided* in Louisiana maintained a Louisiana domicile up to ten years later.

      The Court acknowledges that this case differs from *Preston II* in that the Plaintiffs have presented evidence that, in contrast to the facts in *Preston II,* there has been no mass exodus from the parishes at issue. However, while the *Preston II* court acknowledged the importance of the post-Katrina exodus, the court's decision was ultimately made on the basis that the plaintiffs had failed to present any evidence, other than residency records, showing that two-thirds of the class intended to remain domiciled in Louisiana. Plaintiffs here likewise have failed to provide the Court with any evidence of the class members' intentions to remain in Louisiana. Because domicile was never initially established, the presumption of continuing domicile does not apply. The Court cannot blindly assume that two-thirds of a 5,426 person-class were ever domiciled in Louisiana and further cannot assume that those persons remained domiciled in Louisiana up to ten years after their alleged injuries occurred. Therefore, the local controversy exception does not apply.

      **C.**    **Section 1332(d)(4)(ii) has not been Satisfied.**

      Even if the Plaintiffs could show that two-thirds of the putative class were citizens of Louisiana on March 12, 2012, CAFA's local controversy exception has not been satisfied because another class action with similar underlying facts was filed within three years of the present case. On April 19, 2011, W&C was named as a defendant in *Barbi Kleinschmidt v.*

9

*Women & Children's Hosp. of Del., LLC*, No. 2011-001802 F, 14th JDC, Parish of Calcasieu, State of Louisiana.

Section 1332(d)(4)(ii) dictates that federal courts must retain jurisdiction over actions if:

> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

§ 1332(d)(4)(ii). "Where a statute is unambiguous and there is no room for interpretation or construction of [a] provision, we cannot circumvent its clear words." *Zapata Haynie Corp. v. Arthur,* 926 F.2d 484, 487 (5th Cir. 1991). Section 1332(d)(4)(ii) is unambiguous. Its plain language dictates that this Court must retain jurisdiction because a class action lawsuit asserting similar claims to this case was filed against W&C within the statutorily proscribed period.

## IV. CONCLUSION

This case has all the appearances of a local controversy. However, Plaintiffs, by crafting such a broad Petition, have pled themselves into federal court. Because "medical records alone cannot form an adequate basis for the district court to make a credible estimate that two-thirds of the proposed class were citizens of Louisiana,"[3] and because a similar class action was filed against W&C on April 19, 2011, the Plaintiffs' Appeal is **DENIED**, and the Magistrate Judge's Order denying remand is **AFFIRMED**.

MONROE, LOUISIANA, this 18th day of September, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] *Preston I,* 485 F.3d at 803.